SAMUEL LEVY *v.* THOMAS J. ROSSEL ET AL.

[Motion.]

CHANCERY. *Receiver. Interlocutory decree. Appeal. Code* 1892, § 34.

> A defendant from whom property is taken and placed in the hands
> of a receiver by an interlocutory decree, notwithstanding his
> claim that it is exempt from liability to his creditors (code
> 1892, § 1971) is entitled to an appeal from the decree, under code
> 1892, § 34, providing for appeals from interlocutory orders where-
> by the possession of property is changed.

FROM the chancery court of Harrison county.

HON. STONE DEAVOURS, Chancellor.

Rossel and another, appellees, were complainants in the court
below, Levy, appellant, and others were defendants there.
When the case reached the supreme court on Levy's appeal,
appellees moved the court to dismiss the same. The facts re-
lating to the motion are fully stated in the opinion of the court
overruling the motion.

*Ford & White* and *Dodds & Griffith,* for the motion.

The appeal in this case is not warranted by code 1892, sec-
tion 34. The general rule is that appeals only lie from final
decrees. The present appeal, not being authorized by statute,
should be dismissed. *Hanon v. Weil,* 69 Miss., 477; *Pearson
v. Kendrick,* 74 Miss., 240; *High* v. *Receivers,* sec. 25; *Beach* v.
*Receivers,* sec. 40.

*Harper & Harper,* against the motion.

The petitioner for the appeal brings himself clearly within
§ 34, code 1892, as the decree required money to be paid and the
possession of property to be changed, and, further, the appeal
was applied for within ten days after the date of the decree

complained of and an appeal bond, with two good and sufficient.
sureties, was tendered with the application; we are clearly
within both of said sections of the code in which an appeal
is expressly given as of right and not as a matter of discretion.
*Vause* v. *Woods,* 46 Miss., 120; *Hill* v. *Robertson,* 23 Miss.,
306; *Simmons* v. *Henderson et al.,* Freeman's Chancery Re-
ports, p. 500.

TERRAL, J., deivered the opinion of the court on the mo-
tion.

The creditors of Levy & Bellande—the latter being dram-
shop keepers in Biloxi—filed their petition in the chancery
court of Harrison county to have a receiver appointed to take
charge of the moneys and effects of Levy & Bellande, and to
administer them for the benefit of the petitioners. No objec-
tion was made by Levy & Bellande to the appointment of a
receiver, but Levy alleged that he was a householder and the
head of a family, residing in the city of Biloxi, and that he
was entitled to and claimed an exemption of $250 in said as-
sets of Levy & Bellande. The court, without noticing Levy's
claim of exemption, made an order placing the moneys and
other assets of Levy & Bellande in the hands of a receiver,
from which order Levy asked an appeal to the supreme court,
which the chancellor refused. Levy then applied to a justice
of this court for an appeal, and the same was granted to him.
The motion here is to dismiss the appeal.

We think Levy entitled to an appeal. His property—the
moneys and assets of Levy & Bellande—was taken out of his
hands and put into the hands of a receiver, and against his as-
sent, as to the exemption claimed by him. If he is the head
of a family and a householder in Biloxi, he is entitled to his
exemption, and it should not be taken from him and put into
the hands of a receiver.

*The appeal is clearly maintainable, under section 34, code
1892, and the motion to dismiss the same is overruled.*